IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL CHAMBLISS, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90034 |
| v. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:06-CR-31 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Indictment was returned in this Court on March 22, 2006, charging Petitioner Chambliss and others, in Count I thereof, with Bank Robbery in violation of 18 U.S.C.§ 2113(a), 18 U.S.C.§ 2113(d), and 18 U.S.C.§ 2. In Count II, Chambliss and others were charged with firearms violations in furtherance of the bank robbery crime of violence in violation of 18 U.S.C.§ 924(c)(1)(A)(i) and (ii), and 18 U.S.C.§ 2. (Doc. 1).

Chambliss was arrested, arraigned, and granted bond on May 17, 2006. (Docs. 18-24). He was convicted of both Counts charged by jury trial which began on April 9, 2007 (Doc. 58, 68), and concluded on April 20, 2007. (Doc. 84). He filed a direct appeal of his conviction, and the United States Court of Appeals for the Eleventh Circuit affirmed the same on March 4, 2008. (Doc. 203). Petitioner timely filed the Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 presently under consideration on October 22, 2008. (Doc. 217).

## Petitioner's § 2255 Claims

In his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 Petitioner Chambliss asserts in related claims that:

> **Ground One:** Petitioner's trial was conducted in violation of the Speedy Trial Act, 18 U.S.C.§ 3161, et seq.  Trial on the charges contained in the indictment commenced more than seventy (70) days as set forth in 18 U.S.C.§ 3161(c)(1).  Continuances granted were not in accordance with the Act; because Petitioner's trial commenced more than seventy (70) days the indictment was subject to dismissal.
>
> **Ground Two:** Petitioner's Sixth Amendment Right to a Speedy Trial was violated.  The alleged crime took place on November 13, 2001.  Petitioner was not arrested until May 2006.  Trial commenced April 4, 2007,  some six (6) years after the alleged crime.

Petitioner's claim of violation of his speedy trial rights is presented here for the first time. Neither he nor his counsel made objection at any time to any continuance or made any claim for a speedy trial during the pendency of his case.  The United States Supreme Court observed in *Barker v. Wingo,* 407 U.S. 514, 532, 92 S.Ct. 2182, 2193 (1972), that, " ... failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."   Furthermore, to avoid a procedural default and also to proffer a constitutional claim, Petitioner Chambliss infers that his trial and appellate counsel were ineffective for not raising  a claim of violation of his speedy trial rights.

In *United States v. Harris,* 376 F.3d 1282, 1290 (11th Cir. 2004), our Appellate Court analyzed *Speedy Trial Rights,* stating:

> The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amd. VI.  In order to determine whether a defendant has been deprived of his right to a speedy trial, the court must determine (1) whether the delay before trial was uncommonly long; (2) whether the government or the defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay (the *Barker* factors).  *Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 2690 (1992) (citing *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182 (1972)).  The first factor serves a triggering function; unless some 'presumptively prejudicial' period of delay occurred, we need not conduct the remainder of the analysis." *United*

>*States v. Register,* 182 F.3d 820, 827 (11th Cir. 1999) (citing *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192).
>
>[T]he Supreme Court has recognized that a defendant generally cannot establish a Sixth Amendment speedy trial claim, however long the delay, if the government pursued the prosecution with "reasonable diligence," and the defendant fails to show that the delay resulted in "specific prejudice to his defense." *Doggett,* 505 U.S. at 656, 112 S.Ct. at 2693.

As in *Harris*, though he is required to do so, Petitioner Chambliss has not suggested how he was actually prejudiced by any delay in his trial. *See United States v. Anderton,* 136 F.3d 747, 751 n.3 (11th Cir. 1998) (noting that defendant's Sixth Amendment argument not raised before the trial court was waived on appeal). Petitioner Chambliss, therefore, cannot claim ineffective assistance of counsel against his appellate counsel on this issue. As to his trial counsel, who did not raise the issue in the trial court, raising an issue of a Sixth Amendment violation under the Speedy Trial Act under the factual situation in Petitioner's case would have been frivolous.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, applies only to federal prosecutions, and "it is only a federal arrest, not a state arrest, which will trigger the commencement of the time limits set in the Act." *United States v. Shahryar,* 719 F.2d 1522, 1524 (11th Cir. 1983); *See also United States v. Russo,* 796 F.2d 1443, 1451 (11th Cir. 1986) (even if a federal agency had been involved in the investigation, it still would be considered a state arrest).

Title 18 U.S.C. § 3161(c)(1) provides that the trial of a defendant shall commence within seventy (70) days from the date of the indictment or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. Petitioner Chambliss was arraigned on the federal indictment on May 17, 2006. (Doc. 18-24). He filed a Motion For Discovery on May 19, 2006. (Doc. 26). On July 11, 2006, the Government filed a

3

Motion To Continue Trial which had been set for August 7, 2006, asserting that:

> [P]lea negotiations are currently ongoing, as is discovery. Counsel for Defendants has authorized counsel for the government to state that he does not oppose the government's Motion For Continuance of the trial of this case to the next regularly scheduled Macon Division trial term scheduled to begin on October 16, 2006.

(Doc. 41). The District Court granted this Motion on July 12, 2006, ruling that:

> [T]he Court finds that the ends of justice served by the granting of said motion outweigh the best interests of the public and the defendants to a speedy trial for the reason that failure to grant said motion would not give the parties sufficient time to explore and complete plea negotiations. ... IT IS FURTHER ORDERED, that the delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of Title 18, United States Code, Section 3161 (h)(1)(G) and (h)(8)(A) in computing the time from indictment to trial under the Speedy Trial Act.

(Doc. 43).  Therefore, the period, all inclusive, from July 12, 2006, until October 16, 2006, a period of at least 94 days was time excluded by the Speedy Trial Act's cited provisions. On January 24, 2007, the parties filed a Joint Motion To Continue Trial, noting that the case had been set for trial on February 5, 2007, that Defendant Chambliss had not been arraigned until May 17, 2006, that his attorney was currently in trial, and that, in view of a large number of witnesses, a specially re-set date for trial would benefit all concerned. (Doc. 56). The District Court granted the Motion To Continue ruling that:

> [T]his Court finds that the ends of justice served by granting a continuance do, in fact, outweigh the best interests of the public and the defendants to a speedy trial. Failure to grant the present motion would deprive the parties and not allow a reasonable time for the parties to effectively prepare for trial. ... that the trial in this case be scheduled for the Macon Division trial term which is presently scheduled for April 9, 2007. It is further ORDERED that the delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of Title 18, United States Code, Section 3161


> (h)(1)(G) and (h)(8)(A) in computing the time from indictment to trial under the Speedy Trial Act.

(Doc. 57). Therefore, the period, all inclusive, from January 24, 2007 to April 9, 2007, a period of at least 68 days was time excluded by the Speedy Trial Act's cited provisions. Petitioner's trial began on April 9, 2007. (Doc. 68).

Petitioner Chambliss has not shown that the government did not pursue the prosecution with "reasonable diligence," or the delay, if any, resulted in "specific prejudice to his defense." *Doggett,* 505 U.S. at 656, 112 S.Ct. at 2693. Petitioner Chambliss has no legal cause for complaint under the Speedy Trial Act nor any valid claim of ineffective assistance of counsel in regard thereto. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

Finally, Chambliss alleges as his **Ground Three** claim in his Motion To Vacate that:

> The trial court was without jurisdiction to try and convict Petitioner. The Government failed to meet its burden of proof that the offended bank was FDIC insured at the time of the alleged robbery.

(Doc. 217 at 7). Petitioner Chambliss adds that the reason he did not raise this issue on appeal was ineffective assistance of counsel. *Id.* In its Response In Opposition To Defendant's Motion to Vacate (Doc. 222 at 17), the Government, citing to the transcript of the first day of trial, stated that:

> Walker Jordan, the branch manager on the date of the bank robbery in question, testified that SunTrust Bank located on Hartley Bridge Road in Macon, GA was in fact FDIC insured. Furthermore, the government introduced the FDIC Certificate which corroborated Mr. Jordan's testimony. Consequently, the government proved federal jurisdiction beyond a reasonable doubt. Petitioner's argument is unfounded, consequently, counsel properly excluded this argument on the direct appeal of Petitioner's conviction in District Court.

*Id.* at 18. Petitioner Chambliss replied in his Traverse (Doc. 223) that:

5

> The government did not prove beyond any doubt that the SunTrust Bank was FDIC insured on the day of the alleged robbery. The begged question that presents itself is whether the SunTrust Bank was FDIC insured on November 13, 2001, the day of the alleged robbery. The government presented no certificate of insurance succinctly showing that the institution was federally insured.

*Id.* at 5. The trial transcript (Doc. 167) reveals at pages 53- 54, sworn testimony from government witness, Walker Jordan, in colloquy between the AUSA and Mr. Jordan, as follows:

> **Q**. Back on November 13, 2001, could you please tell the jury where you were employed?
>
> **A**. I was branch manager for SunTrust Bank on Hartley Bridge Road. ... I had been the branch manager there for nine months to a year. ...
>
> **Q.** As the branch manager, are you also the custodian of records?
>
> **A.** Yes, ma'am.
>
> **Q.** In that capacity are you made aware of whether or not your particular institution that you were working for was FDIC insured?
>
> **A.** Yes.
>
> **Q.** And were you-all, in fact, FDIC insured?
>
> **A.** We were. ...
>
> **Q.** Let me show you what I've marked as Government Exhibit 1-2 for the purpose of identification. Do (you) recognize that?
>
> **A.** I do.
>
> **Q.** And what does it represent?
>
> **A.** Our insurance with the FDIC.
>
> *(GOVERNMENT'S EXHIBIT NO. 1-2 FDIC CERTIFICATE IDENTIFIED)*
>
> MS. COLVIN: At this time, Your Honor, the government would

6

seek to introduce what's marked as Government's Exhibit 1-2.

THE COURT: Admitted.

Count I of the Indictment returned in this criminal action charged:

> That on or about November 13, 2001, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, Michael L. Chambliss, ... by force, violence and intimidation did take from the presence of (another) approximately $12, 200.00 in money in the care, custody, control, management and possession of the SunTrust Bank, Macon, Georgia, the deposits of which were then insured by the Federal Deposit Insurance Corporation ...

(Doc. 1 at 1). At trial of that Indictment on April 20, 2007, a jury found Petitioner Chambliss guilty of the above referenced Count I of the Indictment, thereby establishing beyond a reasonable doubt that the Government had proven every element of the charge made in Count I, including the element that the bank in question was, on the date of the robbery, insured by the Federal Deposit Insurance Corporation (FDIC). Petitioner's claim to the contrary and his inference that his attorney was ineffective for not raising that claim on direct appeal are made frivolous by the record and the evidence noted from the trial.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as failing to state a cause upon which this Court might grant relief. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 12th day of June 2009.

                **S/ G. MALLON FAIRCLOTH**
                **UNITED STATES MAGISTRATE JUDGE**